Thank you very much. May it please the Court, my name is Tom Doyle. I'm here on behalf of the plaintiff in this case, Diane Sanders. I do plan on reserving five minutes. I will do the best I can to make that happen. So thank you very much for the opportunity to present before you. Obviously, I'm here to answer any questions you have. I can launch right into the argument. We have a pretty interesting Family Medical Leave Act case here, which comes to you with a pretty unique posture overall, but actually the issues that are presented to you are pretty straightforward. Mr. Doyle, I'm sure you're going to cover this in your argument, but I would like some help with regard to the question of reasonable cause and who has the burden. It seems to me that the plaintiff has the burden to show a nexus between the employer's action in not reinstating and a tie to the invocation of actually having taken the leave. But then the question becomes, who has the burden of showing that there was a reasonable basis not to reinstate? Well, it's an interesting question. I think this is a great case because it really sets this issue up. So reasonable cause, first of all, I think both defendant and plaintiff agree there's no such thing as a burden of proving reasonable cause for the plaintiff. And for that matter, it's questionable whether it comes in as a defense. There's no question Well, you would agree that the plaintiff has to prove nexus. Absolutely. There was a direct relationship between failure to reinstate and having taken leave. Absolutely. And what you have here is we have the Bachelder case and kind of being put into a denial of leave case and denial of entitlement claim. So really what we have here to begin with is this is a denial of reinstatement. So someone goes out on leave, they want to come back, they're not allowed to come back. But the question is why. Well, the question – well, I'm not sure if the question is why, because certainly from Bachelder, the question is, is there a substantial factor? Is the leave a substantial factor in terms of the interference? Now, interference, when it's used in Bachelder, are – is a job action that has the reasonable, probable consequence of interfering with the exercise of the right. When you get into a straight-out denial of the right, in the same way if they said, no, you can't have leave, or yes, you can have leave, it's clearly related to the leave. There's no – you don't have to go through the measure. But there was never any dispute by the city in allowing Ms. Sanders to take the leave. Absolutely right. The question is whether or not they refused to reinstate her because she had taken the leave. And the city says, well, no, that's not the reason. We failed to reinstate her because we couldn't make the work environment safe for her chemical sensitive. Right. And there's no question that the employer, if they have another reason that's recognized by rule or statute, you know, let's – and the example is the layoff. Sorry, we laid off all the employees while you were gone. There's no entitlement to come back to work, obviously. It doesn't give you a get-out-of-jail-free card or a pass. It gives you the same rights you had when you went out. Now, so there that's specifically recognized in the administrative rules as being something the employer has the burden to show. Or in the case of misconduct, and this was brought out by defense counsel in argument, if there's misconduct, yeah, no, it's not because of the leave that we're not reinstating you. That would be fine, except for this misconduct. So in terms of the causation, where there's a denial of a right, the substantive right to go out or to come back, there's no question it's connected to the leave. At that point, the employer bears the burden of saying, well, there's – it's not actually related to leave, but it becomes a burden issue. What issues were reserved in the pretrial conference order for trial by – specifically delegated to the – or assigned to the defendant to – to litigate? I'm not sure if there were – and I'm – In other words, there were no – were there any affirmative defenses raised by the city in – in the pretrial conference order? None. So what was your understanding that the – as to how the trial was to unfold? Well, honestly, we thought we had a pretty good case on family medical leave, that we had to prove – and this is stated by the judge. You go out by Judge Kaufman. There's exercise of leave. There's no reinstatement. If there's another reason why you don't come back, they're saying you can't come back, they have to plead that, they have to prove it. Okay. But as Judge – as Judge Talman said, you did bear the burden of proving a causal connection. Absolutely. Absolutely. So is it your position at that point you could just sit down and rest your case? At that point, if we are able to show someone exercises the leave, they were entitled to leave, they asked to come back, and they were denied, we've established that there was a denial of a substantive right. Now, the regulations provide some – some basis for the employer to not reinstate. Isn't that correct? Absolutely. Absolutely. Isn't that what they really tried to do here? I think that's what they were really trying to do here, but they didn't do it properly because there were only specified reasons. It's not reasonableness. And we said this, that you – just because you have a reasonable reason not to bring them back doesn't mean that's a legal reason. There are specified legal reasons why an employer can avoid the – the obligations under the Act. Otherwise, taking the action, they release issues in terms of full release, those issues. That is the employer's burden. They never even tried to prove that. They rather said, well, we have these concerns. And they never framed it in the law as it's required. Once we've established the right has been denied, then that's their burden to prove. What happened here was the plaintiff. Well, I – the problem I'm having with your argument is that it sounds like a strict liability claim. And I think you have to show more than a simple refusal. What – what's missing from your argument is what Ms. Sanders had to prove in order to show that the reason she wasn't reinstated was because of having taken leave. And conspicuous by its absence is any reference in your argument to what I think is an element of her claim. Your Honor, the – the way I think about this and is what I suggest is it's harder to think about in terms of the denial of reinstatement. It's easy to think about in terms of asking for the leave, but it's the same substantive right. But nobody denies that she was not reinstated. And you've got to show something more. Absolutely. Well, I think you have to show that's what we're asking. You have to show that the right – and I apologize. I didn't mean to speak over you. That's all right. You have to show that the right that is guaranteed by the statute was not provided. That is the causal relationship. And don't you have to show that it's a substantial – the fact that she took medical leave at that time. Don't you have to show that that was a substantial factor in the decision not to reinstate her? The substantial – so under the backhelder in terms of the – absolutely, that the substantial factor test, if it wasn't – and the way you have to think about it, I believe, is to assert, okay, you've got – you're exercising the leave. If it wasn't for the fact that the person is going out on leave, there would be no question of reinstatement. That is the causal link that's necessary to at least get – No, that's strict liability. Well, that's not quite – so as I understand it, so she takes family leave, right? There's no dispute about that. Absolutely. She gets a certificate to come back to work, and there's some dispute about whether it was a perfect release or not – a clear release or not. And they don't reinstate her, okay? And she says, well, you know, I was cleared to go back to work, and I should – and I'm entitled to go back to work under the statute. And the fact that I took family leave is a substantial factor in your decision not to reinstate me, right? If I wasn't out on leave, I wouldn't be asking to come back. It's clearly clear. So they come back, and they say, no, the reason why we didn't reinstate you is because you really weren't cleared, right? I'm not sure if that – they said, well, you are cleared – Well, it looks like when you read all the documents, when you read all the exchange, they say, well, you really weren't fully cleared to go back to work. So in that instance, absolutely. If an employee is – let's say the employee is not released to go back to work. So they provide something, a doctor's note, and it says this person can only do one out of ten of the essential functions of the job. The employer clearly can say, no, you're not allowed to come back. That's another reason. Nothing to do with the leave. It's to do with the reinstatement and the release. Now, the rules provide for that, as the employer has the burden to show. Mr. Doyle, I have a couple of questions here. First of all, do you concede that your client put on no evidence that her taking leave, the family leave, was a, in quotes, negative factor? She put no evidence on that, did she? Yeah. This gets to the core of the issue, is what does that mean? From our perspective – What's evidence? Well, if you mean evidence of intent, there's no evidence that, look, we are punishing you because you took leave. If you mean in terms of causation, then it is – if it wasn't for the fact that she took leave, she wouldn't be asking to come back. So there it becomes a question of causation. From a causation perspective, if that's what negative factor means, causation, then we do have the evidence. That's where you're losing me. It seems to me that your case falls into the other circuit cases that have talked about a continuing disease or disability that prompted the employee to take leave in the first place, but now renders the employee unable to return to work because, in essence, she's no longer fit to carry out the duties that she was working at before she got sick. If that were the case – so if that were the case, that's the employer's burden to show that, look, you are not able to come back because of this release. It wasn't good enough. But didn't the jury hear all that evidence of the steps that the city took in order to determine whether there were chemicals or ambient particles in the air that were aggravating her sensitivity? The jury heard all that evidence, and they looked at it through the lens of a reason of – listen, the plaintiff has the burden to prove reasonable cause. That was the only – But even if that's true, even if that's true, Mr. Doyle, we try to be practical. And the reality here is that under Gambini, don't we have a harmless error situation? I mean, I'm sure your client's a very nice person, but it sounds like she's highly, highly, highly sensitive to these paper issues and ink and all that sort of thing, and that the city would never hire her again. If she came in right off the street, they would never hire her. Isn't that pretty obvious? No, Your Honor, absolutely not. Actually, I appalled her, but there – it's very clear that she was released to go back to that work environment. She could go back. They had stopped using the offending paper. She was put in the small room with the substandard paper. It made her sick. She went out. They got rid of the paper. She wanted to come back. She was released to return back to work under – as the workplace ethics system. I must have read a different case than you did, because I – my impression was that no matter what the city did, there was always something, some issue. And the fact is that they have a certain amount of paper. They can't control what comes in from third parties, so there was no way to protect your client. And, Your Honor, that is the second – Isn't that a perfectly reasonable position for the city to take? If there was any, any, any, any evidence that, look, the world is making her sick, then perhaps. But there was no evidence. In fact, it's actually the opposite. Her doctor said, no, she can go back. Wouldn't you agree, though, that there's a great deal of ambiguity on what her doctor said? Well, but that's – the point is that, look, you can't speculate. And this is what the employer did. They said, well, I don't know. That could be anything. And the law says, no, you don't speculate. You don't – you don't react to the – you know, to bias. What should the city have done, according to you? The city should have said, you want to come back? Come on back. Even though – even though the very conditions that she complained about were still there. They weren't. But the third-party paper, as I understand it, there's no way for the city to control what comes in from third parties. There's no way to control some of the ink that she used, some of the room environment that she would be in. Basically, they'd done everything they could possibly do, and it didn't work. And you had a plaintiff and her doctor. And obviously, there could be some dispute in terms of the clarity of the doctor. But pretty clearly, at least as this process was unfolding over six to seven months after she was denied reinstatement, they were jumping up and down, saying, no, that's not what I meant. You are over-reading this. That is a factuous reading of everything we've said. It's not this – not money. It's not ink. It's the reams and reams of substandard paper I've been working next to for the last six months in this small, closed environment. Don't over-read the doctor's note to – the same way that the employer did and say, oh, well, it could be anything. You have to go on the medical evidence. And if they had anyone saying, look, she really is – can't do this, then they would have a basis to say you're not reinstated. But they had no evidence. In fact, their position was the opposite. They agreed she's qualified under the ADA case. She's qualified. She can do the job. She can do all the essential functions. She's not disabled. They were so busy arguing that she was not disabled. If she's not disabled, she can come back. Well, arguing she was not disabled or trying to clarify from her doctor what it was that was causing the problem, that seemed to be a common theme in the letters from Ms. Butler and the doctor back and forth. I think what she would – they were – if they were trying to clarify, they did a terrible job of it. And if – but nevertheless. Well, they did a terrible job of asking the question or the doctor did a terrible job of answering. There was an interactive process under the ADA. But no answer, ultimately. But that does not excuse the reinstatement when the doctor is saying, look, she can come back. And they say, well, what do you mean by that? What's – you know, the – it's a – this is a burden case. And once the – and I'm trying to read the letter. We're running out of time. Thank you very much. All right. Let's hear from the city. Thank you, Your Honor, Counsel. Matthew Kalmanson for the city. If I can just start very quickly just by pointing out that we're also a cross-appellant in this case. Right. And so our position is no matter what happens, the state law claim should be reversed because under the Seventh Amendment, the jury found for us, the jury heard all the evidence. The judge disagreed and found against us on the state law claim. They're the same claims, one's Federal, one's State. So what's your response to the judge's analogy to this is just like determining probable cause? I determine as a matter of law this is probable cause, in this case reasonable cause, and then the jury looks at the underlying facts in order to determine what supports it. We obviously disagree with that analysis for a number of reasons. One is reasonable cause. My question is, what's wrong with it? Right. The reasonable cause analysis is not the right. We can see that that is error, that the right standard is this negative factor test that's discussed in Backhelder and the Zunle versus Amway case. So we don't think the second point to that is if you look at the way he characterizes certain facts in his opinion, he's saying, well, the only reason that you didn't allow Plinth to come back to work is because you didn't know what was making her sick. It was much more than that. The true reason is if you look at the letters from the doctor and it's spelled out on pages, I think it's 5 through 10 of the red brief, every single time there was a note from the doctor saying Plinth would like to come back to work or Plinth cannot come back to work, there were conditions that were attached. So I think first the doctor said I'm putting you on indefinite leave until we can make sure that the air quality is such that she doesn't get sick anymore. And then later the doctor said Plinth can only be exposed to paper that's of a certain brightness level. And then later the doctor said, okay, she cannot use any previously used paper. And our point was, well, we can't. Mr. Doyle claims that his client, the doctor, and the city in effect reached some kind of homeostasis along the way and that they were clear as to what the conditions of her work needed to be that that was done and that she could go back. What is your position on that? My position is the evidence doesn't support that at all. I mean, there is no evidence of that in the record. There's one sentence I think that Plinth points to in his opening brief that says, I think it was in December 15th, the Plinth saw some paper come in that was of a high enough quality that she was satisfied. She then goes on leave after that. Two months later, there's a note from the doctor saying, I understand that nothing has happened to improve work conditions. And that's cited at, that letter is at SER 24. From the city's perspective, the doctor never really gave her a complete carte blanche to come back to work. Is that correct? That's correct, Your Honor. So here then is it a question of proof on her part that she failed to meet her burden of proof? I believe it's correct. Or is it, or did the city raise a defense? And where does, where did the district court get this whole idea of reasonable cause? The procedural history on that is somewhat confusing. I think. Well, the city had a hand in that, didn't they? They did, but I think it was, it was very reactive to what was occurring during a trial. So that we submitted an instruction that says there should be a causation element that, that I think we used the word because, that we didn't let you come back because of that you took leave. And then plaintiff said negative factor in his originally instruction. Then at trial, plaintiff said, no, what it really should be is after. You should just have, if you took leave and you weren't reinstated, then that's enough. But he was responding to something the city had proposed, wasn't he? Well, then we then came back. No, that's not true. I mean, it was, the judge said, these are the instructions that I'm going to give. And then plaintiff objected and said, no, no, no, you need to change this. We don't have the burden to prove causation at all, no causation. And we said originally, okay, that's fine. And then first thing in the morning the next day said, we re-read the Bockelder and the Zin Liu cases, and that's not what the law is in this circuit. In this circuit, there has to be something wrongful. There has to be some causation. And so from there, and we cited the proper authorities for those cases, you know, Bockelder and Zin Liu. If we take the position that the Tenth Circuit does and put the burden on the employer, which arguably is what the statute would require, but say we do. From the city's perspective, what do we have to do with this case in that circumstance? I believe the analysis is then the harmless error analysis. So you think harmless error is adequate here? I believe so. What case would you cite? Gambini? Gambini is one. There's a case, Battle v. UPS, which is an Eighth Circuit case, which was very similar where they said, irrespective of the burden of proof, it doesn't matter because the evidence is uncontroverted. The city put forth the evidence, or in this case, UPS, put forth the evidence. But the judge took a different view of the situation here? The judge did take a different view based on this idea that it was unreasonable for the city to act how it did. And his characterization of the evidence, which was obviously different from how the jury characterized it. Well, do you think if the jury is properly instructed, they could reach a different conclusion? I don't believe the jury would reach a different conclusion if properly instructed. Why not? Because I think the evidence was uncontroverted. I think we came forth with evidence of why it is that we terminate the error. What burden do you think the city had or has the defendants have in these cases at all, if any? The burden that the plaintiff has in this case is constant. No, I'm saying the defendant. In your case. We have no burden. You have no burden at all in these cases? If they can't get past their burden. So let me ask you, does the statute of regulations recognize any defenses available to the defendant? The statute recognizes a defense. I think it's the right, excuse me, the regulations recognize a defense. If the plaintiff can prove that it was some negative factor. What defenses are available to the defendant? I think we can, you know, we have the ability to put forth evidence that. What affirmative defenses are available to the defendant? The reason we're having trouble here is because it's all wrapped up in the same question. Did you read the regulations? I did read the regulations. Okay. What do you think the regulations say? I think the regulations say that there has to be a negative factor by the employer and that's. Isn't that what the statute says? No, that's what the regulation says. That's in the Blockholder case. Well, just tell me, what do you think are any affirmative defenses that might be available to the defendant on the basis of the regulations? We can prove, the affirmative defense that we can prove is that we would have fired her, that the reason we didn't, that we could have fired her for any reason not related to the leave. So characterizing that as an affirmative defense. Did you raise that defense here? No, but we denied causation. So. All right. But did you raise that particular defense? In the sense that we denied causation, yes. No, no, no, no, you're not answering my question. Did you raise that particular defense in your answer in the pretrial conference order? We never raised an affirmative defense. All right. But what other affirmative defenses might be available under the regulations? I mean, that's the only one that I'm aware of that would apply to this case. Okay. Well, in general. I don't know, Your Honor. Okay. So you only see one potential affirmative defense in the regulations. That applies to this case? No, in general. I don't know, Your Honor. Only one. Yes. Okay. So then here, all this case was about was whether or not she could prove a violation of the Family Leave Act. Just an affirmative case on her part. She took family leave, was granted, she got a release to come back, and was not reinstated. Correct. She bore the burden of proof. She bore the burden of proof. The preponderance of the evidence. Correct. That her decision to take family leave was a negative factor in the decision not to reinstate her. That's correct. Right? And is it your position that if that's her burden, then the city could offer evidence refuting the causal link by showing why it didn't want to reinstate her? Absolutely. That's not really an affirmative defense. Forget about the label. That's just the city's explanation for why there's no causation. Correct. So I think at the close of Plaintiff's case, as we did, we can move for a directed verdict. And if we lose, we still can put on evidence of the true reason of why we leave. Okay. What would be the basis, make your argument to me, of your entitlement to a directed verdict? That Plaintiff presented no evidence whatsoever that the taking of leave was any factor in the decision not to hire, bring her back. It's a failure of proof as to the prima facie case of causation. That's your argument. Correct. So your position is at the end of the Plaintiff's case, the only decision a reasonable juror could make was that it was not a negative factor? Yes. On the sum total of all the evidence at that time? At that time, yes. Well, so the judge did you make – was there a Rule 50 motion? There was. 58? And the judge said no. But that's not – you didn't appeal that issue. No. So we're just here on the – mainly on the jury instruction problem. That's correct. You would agree that the jury instruction was erroneous? We do agree with that. So then your whole argument is just that it was a harmless error? Correct. That no – that even if they had been properly instructed, the result would be the same? That's correct. Well, I'll have to think about it. Okay. Thank you. With my 50 seconds, I just wanted to sum up. This is not strict liability. This is not – this is a question of what's presented to the jury. In this case, you have someone that goes on leave that they have – and they're not allowed reinstatement. The burden is on the defendant to show that it wasn't related to the leave. And that is a – Well, but see – but, you know, Judge Talman has a – there's a – he acknowledged there was really no affirmative defense here. The jury instructions were incorrect. So it's a question of did the – you know, did the plaintiff meet her burden of proof? And we're – Assuming that the jury instructions were proper, could she meet her burden of proof? And absolutely. Why? Because – Why isn't it harmless? It's not harmless. She went out on leave. She wasn't allowed to come back. The defendant did not provide any indication. Any – No, no, no. Why? It's recognized by the law. And why would they want to allow that? The error at trial, where wasn't the error at trial harmless? In other words, if all you've got is what we see in the record, and let's assume the jury is properly instructed, and there's no – there are no affirmative defenses, why isn't it harmless? The jury would come back with the same decision. Because there's no – the defendant, the person is coming back to work. The defendant agrees they're qualified to return back to work. They – and the defendant can't at the same time argue that they're not able to come back to work. The harm – there's no harmless error because the jury only was considering the reasonableness of the decision, not the defenses that are asserted by – that are allowed under the law as to why someone can be refused reinstatement. The connection there is you take leave, you have a right to go back to work. There's a connection there, a substantial factor. What's the connection? That's where you lose me every time. What evidence of causation did you offer? Had I been sitting as a trial judge, why shouldn't I have granted a city Rule 50a motion for failure to establish a prima facie case to show that there was a link, a causal link, between her taking of leave and the city's refusal to reinstate? And, Your Honor, if I may, I think what you're asking is, are we able to show that they were thinking in some way connecting the two? I'm trying to get you to admit that you do have a burden to establish causation. We do. I haven't heard you say that yet. We do have a burden to cause. Establish causation. Then what evidence do you have? The causation is you – there's – if you cannot deny someone leave if they haven't taken leave. The denial – or, sorry, reinstatement if they haven't taken leave. There is a but-for relationship between those two. That is the causation when you come to a denial of the right. I'm not sure my logic instructor would agree with that answer. But it has to be a negative factor. A negative factor. So it has to be a negative factor in the decision not to reinstate it. I think what you have here is a really difficult question. When you say negative factor, does that – That's what the statute says, isn't it, or the regulation says that? Does that mean that they took it into consideration and were trying to – were in some way considering that someone took on leave when they refused to reinstate? Why couldn't they say – let me ask you this, and then we've got to end this. But why couldn't they simply say, look, you know, there's a report that comes – medical report that comes back. It's not entirely clear. You've got multiple problems with all these chemicals and whatnot. And, you know, we sure would like to hire you back. We know you took family leave. And we just – we're concerned about your safety, and we're not going to reinstate you. What's wrong with that? If there were – Why is that – why does that lead to a conclusion that the fact that she took family leave at time is a negative factor in the decision not to reinstate her? Once again, if she hadn't taken leave, she wouldn't be able to. All right. All right. But, Your Honor, if they – if that was their concern, that they had the burden to prove that she couldn't come back and that they didn't – and that's – it's a burden question. It's not strict liability. Thank you very much for your time. We appreciate it. Thank you very much. The matter is submitted.
judges: Paez, Tallman, Smith M.